```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  RICHARD J. BENDER
    Assistant U.S. Attorney
 3  501 I Street, 10th Floor
    Sacramento, California  95814
 4  Telephone: (916) 554-2731
 5
 6
 7
 8              IN THE UNITED STATES DISTRICT COURT
 9            FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,    )  N. 2:07-cr-00175-MCE
                                 )
12           Plaintiff,          )
                                 )
13      v.                       )  APPLICATION FOR ORDER
                                 )  REGARDING CRIMINAL FORFEITURE
14  RICARDO MADRIGAL,            )  OF PROPERTY IN GOVERNMENT
                                 )  CUSTODY - 18 U.S.C. §
15                               )  983(a)(3)(B)(ii)(II)
             Defendant.          )
16  _____)
```

17   The United States of America, through its counsel, hereby
18 moves for an order allowing the government to maintain custody of
19 property already in the government's possession pending the
20 resolution of a criminal forfeiture matter.  The grounds for the
21 motion are as follows:
22   On or about April 15, 2007, during a search incident to
23 arrest federal agents seized the following:
24   a. Tikka - (Oy Tikkakoski AB) Rifle, Model: T3, S/N
         460779;
25   b. Sig-Sauer Pistol, Model: P228, S/N #B246162;
     c. Sig-Sauer Pistol, Model: P229, S/N #AG25610;
26   d. Sig-Sauer Pistol, Model: P229, S/N #AB21956;
     e. Assorted Ammunition - Qty: 145, Assorted Manufacturers,
27      Cal: 308;
     f. Ruger Pistol, Model: P94, S/N #340-89149;
28   g. Heckler and Koch Pistol, Model: USP, S/N #24-077176;

1       h.   Glock Inc. Pistol, Model: 17, S/N #HGU366;
        i.   Glock Inc. Pistol, Model: 17L, S/N #NA370US;
2       j.   Smith & Wesson Pistol, Model: 410, S/N #VZE7531;
        k.   Beretta USA Corp. Pistol, Model: 3032 Tomcat,  S/N
3            #DAA371074;
        l.   Beretta USA Corp. Pistol, Model: 96, S/N #BER147463;
4       m.   Taurus Revolver, Model: 44, S/N #WK164515;
        n.   Olympic Arms Inc. (SGW Enterprises & Safari Arms)
5            Pistol, Model: OA 93, S/N #OAP0511; and
        o.   A 2006 Chevrolet Silverado, VIN: 1GCHK23D66F160641,
6            License Number 8A50396.

Hereinafter, the above-referenced assets are collectively referred to as the "seized assets".

In accordance with 18 U.S.C. § 983(a)(1), the Bureau of Alcohol, Tobacco, Firearms, and Explosive ("ATF") sent notice to defendant Ricardo Madrigal and to lien holder GMAC of its intent to forfeit the seized assets in a non-judicial forfeiture proceeding, and caused that notice to be published in a newspaper of general circulation.

On or about May 30, 2007, defendant Ricardo Madrigal filed a claim contesting the administrative forfeiture of the seized assets pursuant to 18 U.S.C. § 983(a)(2).

Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized assets in a criminal indictment.  On August 23, 2007, the government elected the third option when it filed a Superseding Indictment containing a forfeiture allegation concerning the seized assets. That Superseding Indictment is now pending in this Court.

///
///
///

2

Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute". The applicable forfeiture statutes in this case are 18 U.S.C. § 924(d)(1), 18 U.S.C. § 924(d)(3)(C), 28 U.S.C. § 2461(c) and 49 U.S.C. § 80303. Title 28 U.S.C. § 2461(c) incorporates the forfeiture procedures set forth in 21 U.S.C. § 853. That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

Section 853(f) authorizes the issuance of a criminal seizure warrant. However, in cases like this one, where the property in question is already in government custody, it is not appropriate for a court to issue a seizure warrant directing the government to seize property from itself. In turn, Section 853(e) authorizes the court to issue a restraining order or an injunction to preserve the property for forfeiture. However, that provision is not pertinent because there is no need to enjoin the government from disposing of property that the government has taken into its custody for the purpose of forfeiture, and that the government intends to preserve for that purpose through the conclusion of the pending criminal case.

Finally, Section 853(e)(1) also authorizes a court to "take any other action to preserve the availability of property" subject to forfeiture.

///

///

///

| | |
|---|---|
| 1 | The government contends that this provision applies in |
| 2 | circumstances where, as here, the government has already obtained |
| 3 | lawful custody of the seized assets pursuant to a search incident |
| 4 | to arrest, and the government seeks to comply with Section |
| 5 | 983(a)(3)(B)(ii)(II). Thus, all that is required to comply with |
| 6 | Section 983(a)(3)(B)(ii)(II) is an order from this Court stating |
| 7 | that the United States and its agencies, including ATF, may |
| 8 | continue to maintain custody of the seized assets until the |
| 9 | criminal case is concluded. |
| 10 |     Accordingly, pursuant to Section 853(e)(1), the United |
| 11 | States respectfully moves this court to issue an order directing |
| 12 | that the United States may maintain custody of the seized assets |
| 13 | through the conclusion of the pending criminal case, and stating |
| 14 | that such order satisfies the requirements of 18 U.S.C. |
| 15 | § 983(a)(3)(B)(ii)(II). |

DATED: 9/18/07

McGREGOR W. SCOTT
United States Attorney

/s/ Richard J. Bender
RICHARD J. BENDER
Assistant U.S. Attorney

///
///
///
///
///
///
///
///

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the ATF, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

a. Tikka - (Oy Tikkakoski AB) Rifle, Model: T3, S/N 460779;
b. Sig-Sauer Pistol, Model: P228, S/N #B246162;
c. Sig-Sauer Pistol, Model: P229, S/N #AG25610;
d. Sig-Sauer Pistol, Model: P229, S/N #AB21956;
e. Assorted Ammunition - Qty: 145, Assorted Manufacturers, Cal: 308;
f. Ruger Pistol, Model: P94, S/N #340-89149;
g. Heckler and Koch Pistol, Model: USP, S/N #24-077176;
h. Glock Inc. Pistol, Model: 17, S/N #HGU366;
i. Glock Inc. Pistol, Model: 17L, S/N #NA370US;
j. Smith & Wesson Pistol, Model: 410, S/N #VZE7531;
k. Beretta USA Corp. Pistol, Model: 3032 Tomcat, S/N #DAA371074;
l. Beretta USA Corp. Pistol, Model: 96, S/N #BER147463;
m. Taurus Revolver, Model: 44, S/N #WK164515;
n. Olympic Arms Inc. (SGW Enterprises & Safari Arms) Pistol, Model: OA 93, S/N #OAP0511; and
o. A 2006 Chevrolet Silverado, VIN: 1GCHK23D66F160641, License Number 8A50396.

IT IS SO ORDERED.

Dated: September 19, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE